UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Charles Scott, | ) | CASE NO. 1:09 CV 826 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| Northeast Ohio Surgery Center, et al., | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendants. | ) | |

This matter is before the Court upon the Motion to Dismiss Defendant United States of America (Doc. 6). The motion is GRANTED. Plaintiff was involved in a car accident and received settlement monies from the tortfeasor. Plaintiff, however, received payment for medical services from Medicare. It appears that there is an issue as to whether plaintiff must reimburse the government for some of the Medicare payments made on his behalf. Defendant argued that the United States is entitled to sovereign immunity because plaintiff failed to exhaust his administrative remedies. In response, plaintiff argued that the motion contained matters outside of the pleadings and, as such, must be converted to a motion for summary judgment. This Court did not convert the motion in that the motion challenged this Court's subject matter

1

jurisdiction. The Court did, however, allow plaintiff additional time to file a substantive response addressing the jurisdictional arguments raised by the United States. Plaintiff failed to timely file his response. Rather, five days after the due date, plaintiff filed a two page response, generally arguing that Medicare subrogation claims are not subject to 42 U.S.C. § 405. In support of his position, plaintiff argues that the only issue in this case is whether certain injuries were "caused" by the accident. This, however, is precisely the type of claim that "arises" under the Medicare Act and is thus subject to 42 U.S.C. § 405. *See, Walters v. Leavitt*, 376 F.Supp.2d 746 (E.D. Mich. 2005).

The only other argument plaintiff raises is that the Due Process and Equal Protection Clauses are violated if 42 U.S.C. § 405 is construed to apply to subrogation claims. Plaintiff offers no support or analysis for this blanket statement. Accordingly, the argument is rejected.

**CONCLUSION**

For the foregoing reasons, the Motion to Dismiss Defendant United States of America (Doc. 6) is GRANTED. Because the United States is no longer a party, the sole basis for removal jurisdiction no longer exists. Accordingly, remand is required.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 6/18/09